# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

DAMIEN FORD,
ADC #143035                                                                                         PLAINTIFF

5:17CV00230-KGB-JTK

DERWIN METCALF, et al.                                                                          DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition was sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

    1.    Why the record made before the Magistrate Judge is inadequate.

    2.    Why the evidence proffered at the hearing before the District Judge (if such a Hearing is granted) was not offered at the hearing before the Magistrate Judge.

    3.    The detail of any testimony desired to be introduced at the hearing before the

1

District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

### I.     Introduction

Plaintiff Damien Ford is a state inmate incarcerated at the Maximum Security Unit of the Arkansas Department of Correction (ADC). He filed this action pursuant to 42 U.S.C. § 1983, alleging retaliation, denial of due process, and violation of ADC policies, in connection with a disciplinary charge and conviction he received in September 2014. (Doc. No. 13) His claims of violation of ADC procedures/policies, retaliatory transfer and improper conditions of confinement were dismissed on August 2, 2018. (Doc. No. 62)

This matter is before the Court on Defendants' Motion for Summary Judgment, Brief in Support and Statement of Facts. (Doc. Nos. 75-77) Plaintiff filed a Response in opposition to the Motion (Doc No. 83).

### II.    Amended Complaint (Doc. No. 9)

Plaintiff alleged Defendant Metcalf charged him with disciplinary violations on September

2

15, 2014, related to an incident which occurred between black and white inmates at the Unit. He claimed Metcalf improperly based the charges on the statements of confidential informants and without first-hand knowledge, as required by ADC policy, and that the charges stemmed from on-going retaliation by the Defendants. He claimed Defendant Nalls failed to adequately investigate the charges and interview Plaintiff's requested witnesses and Defendant Harris failed to properly supervise Nalls. He also claimed Defendant Minor failed to provide him due process in the disciplinary hearing and Defendants Banks, Gibson, Naylor, Kelley and Payne failed to adequately review the grievance and disciplinary appeals he submitted.

### III.   Summary Judgment

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997).  "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'"  Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998), (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted)).  "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'"  Id. at 1135.  Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

A.	Exhaustion

Defendants first ask the Court to dismiss Plaintiff's retaliation claims against them for his failure to exhaust administrative remedies, as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e, and the ADC grievance procedure, Administrative Directive (AD) 14-16 (Doc. No. 75-16). According to the Declaration of Terri Grigsby Brown, the ADC Inmate Grievance Supervisor, the grievance procedure requires that inmates "write a brief statement that is specific as to the substance of the issue or complaint to include the date, place, personnel involved or witnesses, and how the policy or incident affected the inmate submitting the form," and must first file an informal resolution within fifteen working days after the occurrence of the incident.. (Doc. No. 75-15, p. 2) Although the policy designates disciplinary violations as non-grievable matters, the policy specifically notes that "claims of retaliation," even if related to a disciplinary, are grievable. (Id., p. 3) After reviewing Plaintiff's grievance file, Grigsby found that he initiated two grievances stemming from the disciplinary violation, MX 14-2276, filed on October 13, 2014, and DR 16-436, filed on August 16, 2016. (Id.; Doc. Nos. 75-17, 75-18) In the first grievance, Plaintiff complained that the Warden failed to respond to his disciplinary appeal, and it was rejected as related to a disciplinary matter, which was non-grievable. (Doc. No. 75-15, p. 4) In the second grievance, Plaintiff alleged that Defendants Gibson, Banks, Nalls and Metcalf retaliated against him during the disciplinary process; this was rejected at all levels because it was filed nearly two years after Plaintiff was issued the disciplinary violation. (Id.)

Based on this Declaration and the grievances Plaintiff filed (Doc. Nos. 75-17, 75-18), Defendants state that Plaintiff's retaliation claims against them should be dismissed, for failure to exhaust his remedies. Plaintiff does not address this exhaustion argument in his response to

4

Defendants' Motion.

According to the PLRA,

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a), unconst'l on other grounds, Siggers-El v. Barlow, 433 F.Supp.2d 811, 813 (E.D. Mich. 2006). This provision has been interpreted as a mandatory requirement that administrative remedies be exhausted prior to the filing of a lawsuit. In Booth v. Churner, the United States Supreme Court held that in enacting the PLRA, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." 532 U.S. 731, 741 (2001). In addition, the United States Court of Appeals for the Eighth Circuit held, "[t]he statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them. Chelette failed to do so, and so his complaint must be dismissed, for 'we are not free to engraft upon the statute an exception that Congress did not place there.'" Chelette v. Harris, 229 F.3d 684, 688 (8th Cir. 2000) (quoting Castano v. Nebraska Dep't of Corrections, 201 F.3d 1023, 1025 (8th Cir. 2000)). In Johnson v. Jones, the Court held that "[u]nder the plain language of section 1997e(a), an inmate must exhaust administrative remedies *before* filing suit in federal court....If exhaustion was not completed at the time of filing, dismissal is mandatory." 340 F.3d 624, 627 (8th Cir. 2003) (emphasis in original.) Finally, in Jones v. Bock, the Supreme Court held that while the PLRA itself does not require that all defendants be specifically named in an administrative grievance, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." 549 U.S. 199, 218 (2007).

5

Congress enacted the PLRA exhaustion requirement to "reduce the quantity and improve the quality of prisoner suits," by "afford[ing] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." Porter v. Nussle, 534 U.S. 516, 524, 525 (2002). In this case, the Court finds that Plaintiff's failure to timely grieve the retaliation claim and to attempt to resolve the merits of his claim through the grievance process, requires that the retaliation claim be dismissed without prejudice, for failure to exhaust.

### B. Official Capacity Claims

The Court agrees with Defendants that Plaintiff's monetary claims against them in their official capacities should be dismissed, as barred by sovereign immunity. Will v. Michigan Dep't. of State Police, 491 U.S. 58, 65-66 (1989); Murphy v. State of Arkansas, 127 F.3d 750, 754 (8th Cir. 1997).

### C. Respondeat Superior

The Court also agrees that Plaintiff's allegations against Defendant Harris should be dismissed, as they are based solely on her supervisory position over Defendant Nalls. Supervisor liability is limited in § 1983 actions, and a supervisor cannot be held liable on a theory of respondeat superior for his or her employee's allegedly unconstitutional actions. See White v. Holmes, 21 F.3d 277, 280 (8th Cir. 1994). A supervisor incurs liability only when personally involved in the constitutional violation or when the corrective inaction constitutes deliberate indifference toward the violation. Choate v. Lockhart, 7 F.3d 1370, 1376 (8th Cir. 1993). In particular, the plaintiff must show that the supervisor knew about the conduct and facilitated it, approved it, condone it, or turned a blind eye to it. Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995). See also Otey v. Marshall, 121 F.3d 1150, 1155 (8th Cir. 1997) ("Section

6

1983 liability cannot attach to a supervisor merely because a subordinate violated someone's constitutional rights.")   In this case, Plaintiff admitted in his deposition testimony that he sued Harris because she "was obligated to ensure that I got the witnesses that I'm supposed to get; so supervising him." (Doc. No. 75-1, p. 26) He does not claim, however, that she knew about the alleged wrongful conduct and facilitated it, approved or condoned it, or turned a blind eye to it. Therefore, she should be dismissed on this basis.

> D. **Grievance/Disciplinary Appeals**

Plaintiff's allegations against Defendants Banks, Gibson, Naylor, Kelley, and Payne are based on the responses they provided to his disciplinary and grievance appeals, and mere involvement in those processes is insufficient to impose liability on them. A "[prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates....it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment."   Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (quoting Azeez v. DeRobertis, 568 F.Supp. 8, 10 (N.D.Ill. 1982)). In addition, allegations of ADC policy violations also do not support a constitutional claim for relief. "[T]he mere violation of a state law or rule does not constitute a federal due process violation." Williams v. Nix, 1 F.3d 712, 717 (8th Cir. 1992).   Plaintiff "does not have a federal claim regarding how his grievances were processed, investigated, or responded to, even if they were not done by the appropriate personnel or in accord with the policies." Edgar v. Crawford, No. 08-4279-CV-C-SOW, 2009 WL 3835265, *3 (W.D.Mo. 2009).

> E. **Individual Capacity/Qualified Immunity – Due Process**

Remaining Defendants ask the Court to dismiss the due process claims against them in

their individual capacities, based on qualified immunity, which protects officials who act in an objectively reasonable manner. It may shield a government official from liability when his or her conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity is a question of law, not a question of fact. McClendon v. Story County Sheriff's Office, 403 F.3d 510, 515 (8th Cir. 2005). Thus, issues concerning qualified immunity are appropriately resolved on summary judgment. See Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) (the privilege is "an *immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.").

To determine whether a defendant is entitled to qualified immunity, the courts generally consider two questions: (1) whether the facts alleged or shown, construed in the light most favorable to the plaintiff, establish a violation of a constitutional or statutory right; and (2) whether that right was so clearly established that a reasonable official would have known that his or her actions were unlawful. Pearson v. Callahan, 555 U.S. 223, 232 (2009).[1] Defendants are entitled to qualified immunity only if no reasonable fact finder could answer both questions in the affirmative. Nelson, 583 F.3d at 528.

Defendants ask that the Due Process claim be dismissed, based on Plaintiff's failure to show that the facts alleged or shown, construed in the light most favorable to him, establish a violation of a constitutional or statutory right. In support, they provide copies of the disciplinary

---

[1] Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." Nelson v. Correctional Medical Services, 583 F.3d 522, 528 (8th Cir. 2009) (quoting Pearson v. Callahan, 555 U.S. at 236).

charge and conviction and the Declarations of Defendants Minor, Metcalf, Nalls and Naylor. Defendant Metcalf states Plaintiff and several other inmates assaulted another group of inmates on September 9, 2014, and following a thorough investigation, he charged Ford with violating the following: 01-4 banding with another to commit assault or battery; 04-4 battery-use of force on staff; 05-3 assault-verbal or written threat; 04-08 battery-use of force on an inmate; and 12-1 failure to obey order of staff. (Doc. No. 75-11, p. 2) The investigation involved interviewing witnesses, statements from staff and inmates, photographs, infirmary reports, and a confidential witness statement. (Id.) Based on the investigation, Metcalf issued Ford the disciplinary violation on September 14, 2014 (Id., p. 3) Nalls states in his declaration that he served Plaintiff with a copy of the violation on September 16, 2014, and consistent with the disciplinary policy, asked Plaintiff if he wanted any particular witness statements collected. (Doc. No. 75-12, pp. 1-2) Plaintiff requested statements from inmates Justin Gilbert and Aaron Free, and Nalls interviewed them on September 22, 2014 and received signed statements from them which were placed in Plaintiff's file. (Id., p. 2; Doc. Nos. 75-13, 75-14) Plaintiff's hearing was conducted on September 23, 2014, seven days after he was given written notice as provided in the policy, and Plaintiff was found guilty of four out of the five violations. (Id., pp. 2-3).

According to Defendant Minor's declaration, Plaintiff was charged by Metcalf on September 15, 2014 with five rule violations based on his participation in a group assault of other inmates on September 9, 2014. (Doc. No. 75-1, pp. 1-2) Defendant Nalls served Plaintiff with written notice of the charges on September 16, 2014, and Plaintiff requested witness statements from two inmates. (Id., p. 2) The hearing was held on September 23, 2014, and Minor was provided the following evidence: multiple witness statements from ADC officers who investigated the

altercation, a statement from the charging officer, photographs of the injured inmates, infirmary reports, multiple statements from inmates regarding their injuries and the persons responsible, and witness statements from inmates who witnessed the assault. (Id., p. 3) Minor also received credible and confidential information from inmates who identified Plaintiff as one of the inmates who assaulted others. (Id.) Minor provided Plaintiff the opportunity to speak in his defense and he stated the disciplinary was flawed because it did not name a victim, and that there were five witnesses who would say he was not part of the incident. (Id.) Minor considered the two witness statements which were presented and denies Plaintiff requested five witnesses. (Id.) Minor also states the evidence of Plaintiff's guilt was overwhelming and she found him guilty of all charges except battery-use of force on staff. (Id., pp. 3-4) As a result, Plaintiff received 60-day restrictions on his commissary, telephone and visitation privileges, 30 days in punitive isolation, and forfeited 181 days of good time credit. (Id., p. 4) Plaintiff appealed the conviction to the warden, disciplinary hearing administrator and the ADC Director, but the convictions were upheld, and the appeals were denied. (Id., p. 4)

Minor concludes that Plaintiff was provided written notice of the charges, an opportunity to be heard at the hearing and to provide witness statements, and a written statement discussing the evidence and the reasons supporting her decision. (Id., p. 5) Her Declaration and findings are echoed by Defendant Naylor, ADC Internal Affairs/Disciplinary Hearing Administrator. (Doc. No. 75-20)

Based on these statements and the record of the charges and hearing, Defendants state that Plaintiff cannot show they violated his due process rights, for several reasons. First, he was provided notice, the opportunity to be heard, and notice of the reasons supporting his convictions,

10

as required by Wolff v. McDonnell, 418 U.S. 539, 563-66 (1974). Next, as a result of the conviction, he cannot show that his thirty days in punitive isolation constituted an "atypical and significant hardship." Sandin v. Conner, 515 U.S. 472, 484 (1995). "Some evidence" supported Defendant Minor's decision, as set forth in Superintendent, Massachusetts Correctional Institution, Walpole v. Hill, 472 U.S. 445, 454 (1985). And finally, Plaintiff cannot overturn a disciplinary violation where he lost good time credit, or seek damages for the conviction in this action, prior to challenging it in a habeas corpus action. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973; Heck v. Humphrey, 512 U.S. 477 (1994), and Edwards v. Balisok, 520 U.S. 641 (1997).

In his response, Plaintiff states he was denied procedural due process because Metcalf, the charging officer, improperly relied on confidential witness information in violation of ADC policy. He also claims the disciplinary charge was flawed because no one was listed as a victim, and because Nalls only collected two witness statements after Plaintiff requested five.

In Goff v. Dailey, the Court noted that prisoners have an interest in assuring that officials do not arbitrarily infringe on their protected liberties. 991 F.2d 1437, 1440 (8th Cir. 1993). This includes: notice of charges; the opportunity to call witnesses and present a defense; and a written statement of the evidence relied upon by the factfinder and the reasons for the disciplinary action. Wolff v. McDonnell, 418 U.S. 539, 563-7 (1974). Due process also requires that "some evidence" support the decision, which includes "any evidence in the record that could support the conclusion reached by the disciplinary board." Superintendent v. Hill, 472 U.S. at 455. And, "[a] report from a correctional officer, even if disputed by the inmate and supported by no other evidence, legally suffices as 'some evidence' upon which to base a prison disciplinary decision, if the violation is found by an

11

impartial decision-maker." Cole v. Norris, No. 2:08CV00056-WRW, 2008 WL 4949283 (E.D.Ark.) (quoting Hartsfield v. Nichols, 411 F.3d 826, 831 (8th Cir. 2008).

In this case, Plaintiff does not deny that he was provided timely notice of the charges and the hearing, an opportunity to be heard and witness statements, and a reason for the hearing decision, as set forth in the disciplinary charge and hearing results. (Doc. No. 75-2) In addition, Defendant Minor relied on numerous sources when rendering her decision, all of which are considered to be "some evidence." (Id., p. 3) While the violation of ADC policy does not support a constitutional claim, the Court notes that the ADC disciplinary policy requires that the charging officer be the staff person with the most knowledge of the event, and that a charge may be brought based upon an informant if corroborating evidence supports the information received. (Doc. No. 75-8, pp. 13, 23). In this case, it is clear from the Declarations and the record of the hearing that Defendants complied with these provisions. In addition, the policy also provides that at the hearing an inmate may call witnesses, and Plaintiff provides no information that he attempted to call more witnesses at the hearing than the two (per their statements) which were considered. Even accepting Plaintiff's assertion that Defendants failed to obtain all his requested witnesses, he cannot show that such violated his due process rights, especially considering the volume of other evidence which was presented. It should be noted that both of the inmate witnesses he requested submitted statements exonerating Plaintiff from participation in the incident. (Doc. Nos. 75-13, 75-14)

Furthermore, as stated by Defendants, to the extent that Plaintiff wants to overturn his disciplinary conviction and recover the 181 days of lost good time, he must file a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Preiser v. Rodriguez, 411 U.S. at 500. In addition, he cannot

12

seek monetary damages if a judgment in his favor would necessarily imply the invalidity of his conviction, unless the conviction is reversed, expunged or called into question by issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. at 486.

## IV. Conclusion

IT IS, THEREFORE, RECOMMENDED that:

1. Defendants' Summary Judgment Motion (Doc. No. 75) be GRANTED.

2. Plaintiff's retaliation claim against Defendants be DISMISSED without prejudice, for failure to exhaust.

3. Plaintiff's remaining claims against Defendants be DISMISSED with prejudice.

IT IS SO RECOMMENDED this 18th day of December, 2018.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE