# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

**DAMIEN FORD,**
**ADC # 143035**                                                                                  **PLAINTIFF**

v.                           Case No. 5:17-cv-00230-KGB-JTK

**DERWIN METCALF,** *et al.*                                                                     **DEFENDANTS**

## ORDER

On December 18, 2018, United States Magistrate Judge Jerome T. Kearney filed Proposed Findings and Recommendations in this case recommending that defendants' motion for summary judgment be granted; that plaintiff Damien Ford's retaliation claim against defendants be dismissed without prejudice; and that Mr. Ford's remaining claims against defendants be dismissed with prejudice (Dkt. No. 85). On December 28, 2018, Mr. Ford filed a motion for extension and motion to compel (Dkt. Nos. 86, 88), and on January 15, 2019, Mr. Ford filed a motion to stay (Dkt. No. 91).

On February 6, 2019, the Court entered an Order granting Mr. Ford's motion for extension, denying as moot Mr. Ford's motion to stay, and directing defendants to provide to the Court within 10 days of the entry of the Order a full copy of Mr. Ford's deposition transcript; defendants' explanation of the events that Mr. Ford contends occurred in Warden Ball's office; and an explanation of why Mr. Ford did not possess a complete copy of his deposition transcript to the extent defendants were aware of such an explanation (Dkt. No. 93). In the Order, the Court took under advisement Mr. Ford's motion to compel and determined that it would set a revised deadline for Mr. Ford to file any objections to Judge Kearney's Proposed Findings and Recommendations by separate order after ruling on the pending motion to compel (*Id.*, at 2). On March 7, 2019, Mr.

Ford filed another motion for extension of time (Dkt. No. 95), and on April 1, 2019, Mr. Ford filed objections to the Proposed Findings and Recommendations (Dkt. Nos. 97, 98, 99).

For the reasons that follow, the Court denies as moot Mr. Ford's motion to compel (Dkt. No. 88) and grants Mr. Ford's most recently filed motion for extension of time (Dkt. No. 95). After careful consideration of the Proposed Findings and Recommendations, Mr. Ford's objections, and a *de novo* review of the record, the Court adopts the Proposed Findings and Recommendations in their entirety as this Court's findings (Dkt. No. 85). The Court addresses each motion below.

I. **Motion To Compel**

On February 8, 2019, defendants filed a response to order and response to Mr. Ford's motion to compel (Dkt. No. 94). Defendants argue that Mr. Ford's motion to compel should be denied because he did not request a complete copy of his deposition in discovery or before filing his response to defendants' motion for summary judgment and because Mr. Ford failed to include a certification that he conferred or attempted to confer with defendants prior to filing the motion as required by Federal Rule of Civil Procedure 37(a)(1) (*Id.*, ¶¶ 11, 14). Defendants further argue that Mr. Ford's motion to compel should be denied as moot because defendants have since provided him with a complete copy of the deposition (*Id.*, ¶¶ 13-14). In the response, defendants join Mr. Ford's motion to extend time to file his objections to the Proposed Findings and Recommendations (*Id.*, ¶ 15).

Attached to the response is a complete copy of Mr. Ford's deposition (Dkt. No. 94-1). Defendants also attached a declaration of Warden Todd Ball (Dkt. No. 94-2). In the declaration, Warden Ball avers that, on or around November 8, 2018, Mr. Ford and Senior Assistant Attorney General Renae Hudson spoke on a conference call regarding details of Mr. Ford's claims against

Arkansas Department of Correction ("ADC") defendants (*Id.*, ¶ 3). Warden Ball contends that Ms. Hudson prepared a declaration for Mr. Ford to review which clarified matters they discussed pertaining to his due process claims but that Mr. Ford reviewed the declaration and refused to sign it (*Id.*). Warden Ball asserts that the unsigned declaration was shredded and that there was no discussion of Mr. Ford agreeing to accept a shorter deposition (*Id.*). Warden Ball contends that Mr. Ford's claim that Mr. Ford spoke to Ms. Hudson in Warden Ball's office is false (*Id.*). Mr. Ford does not dispute in any filings subsequent to defendants' response defendants' explanation of the events that Mr. Ford previously contended occurred in Warden Ball's office.

On February 11, 2019, defendants provided to the Court a complete copy of Mr. Ford's deposition in this case. Although Mr. Ford refused to accept a full copy of the deposition from ADC staff purportedly because it was not in a brown envelope and had not come directly from the Attorney General's Office, defendants attached a complete copy to their response in opposition to Mr. Ford's motion to compel (Dkt. No. 94-1, Dkt. No. 94-2, at 2). According to defendants' certificate of service, counsel for defendants certified that she mailed the response and attached documents, including the complete copy of Mr. Ford's deposition, to Mr. Ford on February 9, 2019 (Dkt. No. 94, at 6). The Court is satisfied that Mr. Ford received the complete copy of the deposition because Mr. Ford included the complete copy in the objections he filed on April 1, 2019 (Dkt. No. 97, at 20-86). Thus, the Court denies as moot Mr. Ford's motion to compel (Dkt. No. 88).

## II. Objections To Proposed Findings And Recommendations

As discussed *supra*, the Court granted by prior Order Mr. Ford's December 28, 2018, motion for extension (Dkt. Nos. 86, 93). In the Order, the Court determined that it would set a revised deadline for Mr. Ford to file any objections to Judge Kearney's Proposed Findings and

3

Recommendations by separate order after ruling on the pending motion to compel (Dkt. No. 93, at 2).

On March 7, 2019, Mr. Ford filed a second motion for extension of time and memorandum of law in support of his motion for extension of time (Dkt. Nos. 95, 96). In the motion, Mr. Ford requests an additional 30-day extension (Dkt. No. 95, at 1). Mr. Ford represents that, at the time he filed the motion, he had problems with the law library and that he had been working on a 76-page brief in support of a summary judgment motion in a different case (*Id.*, at 1-2). On April 1, 2019, Mr. Ford filed objections to Judge Kearney's Proposed Findings and Recommendations (Dkt. No. 97), as well as a statement of disputed material facts (Dkt. No. 98) and a statement of undisputed material facts (Dkt. No. 99).

The Court determines that Mr. Ford's second motion for extension of time was not necessary because the Court had not yet set a revised deadline for Mr. Ford to file objections to Judge Kearney's Proposed Findings and Recommendations. Nevertheless, the Court grants Mr. Ford's motion for extension (Dkt. No. 95) and deems his objections and documents filed on April 1, 2019 (Dkt. No. 97), timely.

From the Court's review of Mr. Ford's filing, it appears that Mr. Ford may have intended to file a response to defendants' motion for summary judgment rather than objections to Judge Kearney's Proposed Findings and Recommendations. However, on November 29, 2018, Judge Kearney entered an Order directing Mr. Ford to respond to defendants' motion for summary judgment within 15 days of the entry of the Order (Dkt. No. 79). On December 13, 2018, Mr. Ford filed a declaration in opposition to defendants' motion for summary judgment (Dkt. No. 83). After considering defendants' motion for summary judgment, brief in support, and statement of facts, as well as Mr. Ford's response, Judge Kearney filed Proposed Findings and

Recommendations on December 13, 2018 (Dkt. No. 85) ("This matter is before the Court on Defendants' Motion for Summary Judgment, Brief in Support[,] and Statement of Facts . . . Plaintiff filed a Response in opposition to the Motion . . . ."). Accordingly, the time to supplement Mr. Ford's response in opposition to defendants' motion for summary judgment had expired by the time Mr. Ford filed his objections, statement of disputed material facts, and statement of undisputed material facts (Dkt. Nos. 97, 98, 99). The Court therefore considers these filings as objections to Judge Kearney's Proposed Findings and Recommendations.

Mr. Ford makes several objections (Dkt. Nos. 97, 98, 99). Many of the objections reiterate arguments Mr. Ford set forth in his amended complaint (Dkt. Nos. 13, 97, 98, 99). He also argues that, "though he was not timely according to the ADC's inmate grievance procedure AD 14-16, he was timely for purposes of exhaustion according to the PLRA . . . " (Dkt. No. 97, at 8). He disputes that "Gary Nalls, the disciplinary serving officer claiming that Mr. Ford only gave him the names of two (2) witnesses" and argues that he "actually gave him five" (Dkt. No. 98, at 2). Mr. Ford further disputes several of Disciplinary Hearing Officer Justine Minor's findings (*Id.*, at 3). Mr. Ford objects to defendants' statement of undisputed material fact number 39 that Mr. Ford "admitted that[,] during his disciplinary hearing[,] testimony was provided by the major that he participated in the assaults at the Delta Unit" (*Id.*, at 4). Mr. Ford submits that "defendants are trying to take Mr. Ford's words out of context" and that his deposition statements are "not any admission that he was involved in or that he participated in any assault" (*Id.*, at 5). Finally, Mr. Ford disputes that defendants are entitled to qualified immunity or sovereign immunity from his claims for monetary relief (*Id.*, at 5).

Judge Kearney addressed these arguments in the Proposed Findings and Recommendations, and the Court agrees with Judge Kearney's findings (Dkt. No. 85). As to Mr.

5

Ford's objection regarding exhaustion, Judge Kearney explained that "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." (*Id.*, at 5 (quoting *Jones v. Bock*, 549 U.S. 199, 218 (2007)). As to Mr. Ford's objection regarding the witness names given to Mr. Nalls, the Court agrees with Judge Kearney's determination that, "[e]ven accepting [Mr. Ford's] assertion that [d]efendants failed to obtain all his requested witnesses, [Mr. Ford] cannot show that such violated his due process rights, especially considering the volume of other evidence which was presented" (*Id.*, at 12). As to Mr. Ford's objections to Disciplinary Hearing Officer Minor's findings, the Court agrees with Judge Kearney's findings that Mr. Ford "does not deny that he was provided timely notice of the charges and the hearing, an opportunity to be heard and witness statements, and a reason for the hearing decision" (Dkt. No. 85, at 12). In addition, the Court agrees that Disciplinary Hearing Officer Minor relied on numerous sources when rendering her decision, all of which are considered to be "some evidence," as required to support a disciplinary decision (*Id.*, at 11-12 (citing *Superintendent, Massachusetts Correctional Institution Walpole v. Hill*, 472 U.S. 445, 455 (1985))).

As to Mr. Ford's argument that his deposition testimony regarding the major's testimony at his disciplinary hearing was not an admission that he was involved in any assaults, the Court notes that defendants' statement does not contradict such argument. Defendants' statement is that Mr. Ford admitted that testimony was provided from the major that Mr. Ford participated in the assaults, not that Mr. Ford admitted that he participated in the assaults (Dkt. No. 76, ¶ 39).

Finally, as to Mr. Ford's argument that defendants are not entitled to qualified immunity or sovereign immunity, the Court disagrees and adopts Judge Kearney's findings with respect to defendants' arguments that they are entitled to sovereign immunity and qualified immunity on certain of Mr. Ford's claims (Dkt. No. 85, at 6, 7-13).

After careful review of the Proposed Findings and Recommendations, Mr. Ford's objections, and a *de novo* review of the record, the Court agrees with Judge Kearney and adopts the Proposed Findings and Recommendations in their entirety as this Court's findings (Dkt. No. 85).

III. **Conclusion**

For these reasons, the Court denies as moot Mr. Ford's motion to compel (Dkt. No. 88), grants Mr. Ford's motion for extension of time (Dkt. No. 95), and adopts over Mr. Ford's objections Judge Kearney's Proposed Findings and Recommendations in their entirety as this Court's findings (Dkt. No. 85). Accordingly, the Court grants defendants' motion for summary judgment (Dkt. No. 75), dismisses without prejudice Mr. Ford's retaliation claim against defendants, and dismisses with prejudice Mr. Ford's remaining claims against defendants.

It is so ordered this 26th day of August, 2019.

_____
Kristine G. Baker
United States District Judge